| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Cause No. 2:07CR47-PPS** |
| vs. | ) | **and** |
| | ) | **Cause No. 2:19CV221-PPS** |
| JACKIE HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

In 2008, Jackie Hernandez entered guilty pleas to a charge of conspiring to possess heroin with intent to distribute and to two counts of using a communication facility in furtherance of a drug offense. [DE 290.][1] Hernandez was sentenced to 240 months' imprisonment on the drug count, with concurrent terms of 48 months for each of the communication facility counts. [DE 445 at 2.] No direct appeal was taken, but Hernandez has twice petitioned this court for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) based on revision of the United States Sentencing Guidelines, once in 2015 and more recently in 2018. Both times, those motions were denied. [DE 582, 583, 584; DE 596, 597.] In between, Hernandez's sentence was commuted by then-President Barack Obama, and reduced to a term of 188 months' imprisonment. [DE 593 at 5.] Now before me is Hernandez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. [DE 598.] This avenue of attack on the sentence is one that Hernandez has never tried before.

---

[1]    Citations to the record are to the criminal docket, Cause No. 2:07CR47.

At sentencing, in light of Hernandez's two prior convictions in Cook County, Illinois for Manufacture/Delivery 10-30 Grams of Cocaine, Hernandez was found to be a Career Offender pursuant to U.S.S.G. §4B1.1.  [PSR at ¶46.]  That enhancement ratcheted his base offense level up to 37, for a total offense level of 35 after a two-point reduction for acceptance of responsibility.  Career Offender status also increased the criminal history category to VI, and the presentence report reflected the resulting guidelines imprisonment range as 292 to 365 months.  At the sentencing hearing, I sentenced Hernandez on the basis of a different determination of the guidelines range, applying a third point for acceptance of responsibility, using a total offense level of 34 and the criminal history category of VI, yielding a guidelines imprisonment range of 262 to 327 months.  I imposed a total aggregate term of 240 months' imprisonment, which represented a downward variance of almost two years from the bottom of the guideline range.  This sentence was imposed because I believed that the Career Offender guidelines overstated the seriousness of Hernandez's past criminal conduct. [DE at 582 at 2; DE 596 at 2.]

The basis of Hernandez's §2255 motion now is an argument that his two Cook County convictions were wrongly deemed to constitute "controlled substance offenses" as defined in U.S.S.G. §4B1.2(b), so as to qualify him for Career Offender treatment. Hernandez's brief wades into the morass of decisions addressing how prior crimes are to be analyzed to determine whether they qualify as predicates for various federal sentencing enhancements like the guidelines' Career Offender provision.  But even

absent the Career Offender designation, Hernandez's total offense level would have been 34 and his criminal history category V, for a range of 235 to 293 months' imprisonment. And my determination that an aggregate term of 240 months was the appropriate punishment for Hernandez would not have been impacted by such a guidelines computation. After all, I imposed the sentence to reverse the Career Offender impact that I found too harsh in the first place.

Furthermore, and not insignificantly, after the presidential commutation of his sentence to 188 months, Hernandez is unable to demonstrate that his argument now, even if successful, could possibly result in the reduction of his sentence below its current length. For these reasons, as a practical matter, Hernandez can't meet the §2255(a) requirement of showing that his current sentence of 188 months was imposed in violation of the Constitution or laws of the United States, or exceeds the maximum authorized by law, or is otherwise subject to collateral attack.

This is all by way of background because there is a threshold issue that Hernandez faces, and that deals with timeliness. Section 2255(f) contains a one-year period of limitation, running from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence.

In his reply [DE 603], Hernandez invokes (f)(3) and (f)(4), arguing that his §2255 motion

filed on June 17, 2019 is timely filed in light of the Supreme Court's decision in *Mathis v.*

*United States*, ___ U.S. ___, 136 S.Ct. 2243 (2016), and the recency of Hernandez's

recognition of the availability of the legal argument he now makes.

Hernandez states his §2255(f)(3) argument this way:

The defendant asserts *Mathis* provides him this right to bring forth his
argument. This is supported by the Seventh Circuit's recent rulings in the
*Caffie* case as well as the more recent decision in *Najera-Rodriguez v. Barr*,
18-2416 (7th Cir. June 4, 2019), where the Court held that the language in
the Illinois Statute for drugs under 720 ILCS 570/402(c) was not divisible.

[DE 603 at 2.] *Mathis* was decided on June 23, 2016. Hernandez's §2255 motion was

filed on June 17, 2019, well beyond the one-year limitation if computed from the

issuance of the *Mathis* decision. Perhaps in recognition of that fact, Hernandez

amplifies his §2255(f)(3) contention with the references to more recent Seventh Circuit

decisions. But decisions of the Court of Appeals do not meet the §2255(f)(3) standard,

which expressly requires a decision of the United States Supreme Court.[2]

As for an extension of the time for filing based on §2255(f)(4), Hernandez

suggests that until the Seventh Circuit's *Najera* and *Caffie* decisions, "the prior precedent

---

[2]     In addition, several Circuits have held that *Mathis* did not "newly recognize" any right as
§2255(f)(3) requires, because "*Mathis* said...that its holding was governed by Supreme Court decisions handed
down '[f]or more than 25 years.'"  *United States v. Acosta*, 738 Fed.Appx. 978, 979 (10th Cir. 2018), quoting
*Mathis*, 136 S.Ct. at 2247, 2257.  *See also Jones v. United States*, 2018 WL 6718615, at *2 (6th Cir. Sept. 19, 2018);
*Dimott v. United States*, 881 F.3d 232, 237 (2nd Cir. 2018).

cases did not support the claims of the defendant." [DE 603 at 2.]  Hernandez refers to a

"*Caffie* case in January 2019."  [*Id.*] The *United States v. Caffie* decision I find from the

Seventh Circuit, 310 Fed.Appx. 24 (7th Cir. 2009), was decided ten years earlier on

February 11, 2009.  It was a drug distribution case in which the Court of Appeals'

opinion addresses no sentencing issue of the type Hernandez makes.  In any event, new

case law believed to support a claim for relief under §2255 is not a "fact" for purposes of

§2255(f)(4).  *Ingram v. United States*, 932 F.3d 1084, 1089 (8th Cir. 2019) (collecting cases)

("a judicial decision interpreting the law does not constitute a 'new fact' for purposes of

§2255(f)(4)").  *See also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014)

(collecting cases); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007).

Hernandez also cites his own "due diligence" in obtaining his "records and case

file from his former counsel," suggesting that without those "necessary documents" he

was unsure "what was being used to enhance his sentence."  [DE 603 at 2-3.]  I am

dubious that Hernandez's ignorance of the "facts" of his own sentencing, and his

belated discovery of those facts ten years after his sentencing, after he has brought two

separate motions for reduction of sentence pursuant to §3582(c)(2), can be the basis for

an extension of the §2255 limitation period pursuant to subsection (f)(4).  Does

Hernandez credibly suggest that he had to "discover" the nature of his prior

convictions that led to the "Career Offender" issue at his sentencing?  Or the role that

the Career Offender guideline played in his sentencing?  He can't.

Hernandez's prior convictions, and the resulting Career Offender designation applied at sentencing in this case, are not "facts" analogous to the state court order vacating a prior state-court conviction that was used to enhance a federal sentence, in *Johnson v. United States*, 544 U.S. 295, 307 (2005). There the "fact" triggering Johnson's notice that his §2255 claim could be presented was his receipt of that state court order, and §2254(f)(4) could apply if Johnson "act[ed] diligently to obtain the state-court order vacating his predicate conviction." *Id*. at 310. Here, the "facts" that Hernandez's contention relies upon are the facts of his own sentencing proceeding in which he himself participated, acknowledging on the record that he had reviewed the presentence report and had the ability to obtain any necessary explanation from his counsel. This is distinguishable from Johnson's discovery of the fact of a pivotal state court ruling, his receipt of such notice being an occurrence subject to being proved or disproved. *Id*. at 306.

Furthermore, the record in this case contains an even more recent basis for Hernandez's awareness of the facts of his Career Offender status. The first of Hernandez's two §3582(c)(2) motions, filed by counsel on his behalf in February 2015, expressly addressed the impact of the Career Offender status on Hernandez's request for a reduced sentence, which was based on a retroactive amendment to the sentencing guidelines' drug quantity table. [DE 566.] Because I know first-hand that Hernandez was privy to the "facts" about the Career Offender sentencing enhancement, I cannot be

persuaded that his recent "discovery" of those facts can re-start the one-year §2255 limitation. His motion under §2255 is therefore untimely filed.

## Conclusion

Jackie Hernandez's motion under §2255 will be denied both because it is untimely and because the motion fails to demonstrate Hernandez's entitlement to relief from his current sentence. There is no basis for an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."' 28 U.S.C. §2255(b).

I must also consider whether to grant Hernandez a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2255 PROCEEDINGS 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, Hernandez must show that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Hernandez has made no such showing. A certificate of appealability will be denied.

**ACCORDINGLY:**

Defendant Jackie Hernandez's motion under 18 U.S.C. §2255 is DENIED.

The Clerk shall enter judgment denying the §2255 motion both in Cause No.

2:19CV221 and Cause No. 2:07CR47.  A certificate of appealability is DENIED.

SO ORDERED this day of December 2, 2019.

＿＿/s/ Philip P. Simon＿＿＿＿＿＿
**United States District Judge**